Good morning, Your Honors. Jason Hitt on behalf of the United States. We'll start first with Rodriguez, given Mr. Ballas' preference. I'd like to reserve three minutes for rebuttal, if I may. Okay. The District Court in Rodriguez erred, Your Honors, because he granted a sentence reduction motion for Rodriguez where it had no jurisdiction to do so. Under the two-step approach of Dillon, if the defendant is not eligible, the District Court is without power to reduce the sentence. Here the undisputed portions of the PSR for Mr. Rodriguez demonstrate that Amendment 782 did not or does not change his guidelines range, and therefore he is ineligible for a reduction. The failure to object to the PSR, as Mercado Moreno teaches us, establishes that the assertion in the PSR is accepted as true. And our view here is that the eligibility inquiry really didn't even need the supplemental factual finding that was done in Mercado Moreno because the undisputed fact in the PSR demonstrated ineligibility. But even if supplemental factual assertions were needed, there was no dispute for the District Court and there's no dispute on appeal. Can I ask a question? I know there's some issue about whether or not the judge adopted the findings in the PSR. Normally a judge does a statement of reasons. I know in your transcript you make reference to the statement of reasons. Did you have the statement of reasons available to you? They are under seal and I believe, if I did not, I would be happy to submit these, but I believe we submitted them with the excerpts of record, but they're submitted under seal because they're not public in our practice. Okay, because I couldn't find them. But in the statement, do you have, did you see the statement of reasons? I did when we were doing the District Court litigation. The probation officer prepares packets for both parties and the court and it includes a statement of reasons. Roman numeral number one is the court findings on pre-sentence investigation report and the judge makes a decision whether he adopts the pre-sentence investigation report without change or whether he adopts the pre-sentence investigation report with the following changes. Do you know what he says in that pre-sentence investigation report? Does he adopt them without change? Yes. He does? He does. Okay. The kind of elephant in the room here is that at the time that the judge was making the decision, both in this case and the others, it didn't matter, right? In other words, whether it was, you know, four, five, or six, I mean, I'm just making up numbers, didn't matter. It's kind of like what's been said, so the question is, is it clear from the case law that we, when there was, there was no specific finding from the judge, you know, in High Clerb that it was X amount on the, what exactly locution he uses about his reliance on the PSR, whether it's the, everything in it, I mean, down to minutia, or whether it's what matters in it at the time that he accepted it. Is there any case law that directly addresses that question? I think Mercado Moreno does directly address that. And I would direct your attention to footnote 8. And my understanding is that the case law in other circuits is somewhat more insistent on the, he actually accepting the, an amount. In Mercado Moreno, I think they do go into this particular issue later in the opinion. Towards the end, there's a footnote 8 that is preceded by a sentence citing a case called Scrivner. And what Mercado Moreno says is that based on defendant's failure to object, the factual assertion essentially in the PSR is accepted as true. And in the need. So it is your position that it doesn't matter whether the judge purported to accept it all? All that matters is there was no objection? I think if what it, the judge did accept in this case, and that is important, they have to accept the facts of the, of the PSR. And if there's no dispute, then those become factual assertions that can be relied upon for this eligibility. If there was just no objection, I mean, the way that the case appears on the surface without going to other documents under seal is that the judge, that there was no objection and the judge simply went forward. If I may refer to the excerpts of record here, there is a reference in the sentencing transcript to the judge at the outset, I believe, of the sentencing. The judge does say, I accept, I want to make sure I'm being accurate. In this case, so he, they deal with this objection to the criminal history. But in the, in this case, the district court adopted the sentencing guidelines that's set forth in page six of the PSR, found an offense level of 35, and then went on to calculate it. But so there's nowhere there that he adopts the drug quantity. So in your brief, you said that the district court adopted the findings in the PSR, and you cited this page, ER 13. But I don't see any adoption of the drug quantity on this page. So I guess that's, that's fair. It, it is an express adoption as they do in Sarabia, as the same district court does in Sarabia. I think the answer then is, then you can infer that he adopted it because there's no other way to calculate the guidelines. And to Judge Berzon's earlier question. It's, it's, I mean, he could either have adopted that it's at least X, or he could have adopted what it actually was. And either way, he gets to the same place as to the guidelines calculation, right? Correct. So it's not true that it's an inevitable inference that he adopted the actual amount as opposed to the amount that mattered. I think because there's no objection to the amount. And in the factual basis for the guilty plea which the defendant admitted to under testimony. You have a quantity of far exceeding. Yeah, but in the, in the actual plea, it's kind of cagey. I mean, so they, he, it's not like Sarabia where he admits to the amount that's found exactly, he has this, there's a statement about what's found. And then under it, it says, and it'll be tested. And then for, there's a lower amount, or it has been tested and it's a lower amount. So, I don't think it's clear that he admitted to the amount in the same way. Like, if you look at Sarabia, it looks different. I think it's not as clear as Sarabia, but at ER 56, in the factual basis on line 16 through 17, he does admit under oath a subsequent search of his vehicle resulted in the seizure of 11 pounds of methamphetamine, and that is pretty direct and fairly clear. But it goes on then, on that same page to, to say a different quantity. So it's, it's at least kind of confusing what that page means. I think at the bottom what you have there is what Judge Berzon was alluding to at that time. And so there is an admission, just as in Mercado Moreno, to the, to the floor, not to the ceiling. But, this all reminds me of what the various reasonings underlying the categorical approach and the question of whether you can rely on non-elemental admissions in a plea colloquy, for example. And the answer has been no. And the reason for the no is if they don't matter, i.e. they're not actually elements to the crime, then it doesn't, there's no functional admission to them, even if there's a verbal admission to them, because they're not relevant to the question of what he was convicted of. Right? And this seems to me to have the same aura. And if, if Mercado Moreno says that the judge's findings are sufficient, I mean, even that makes me uncomfortable. But at least we have to be very scrupulous about there being such findings. Because otherwise you, you have this problem of people, you know, admitting to things because they just don't matter. And I think Mercado Moreno addressed the situation where it didn't matter in that sentencing at the original and supplemental finding was permissible. Here in the eligibility inquiry, there was no dispute made in the sentence reduction motion by Rodriguez that the amount was incorrect. There was just an assertion that you should rely on the more vague provision in the plea agreement. And Judge Berzon's point is a good one, that if, you can't have it both ways. Either the factual basis in the plea is there and we rely on it, or you rely on these vague, sort of, after the fact analysis. And it, I think the district court is trying to do... Exactly where Mercado Moreno says, I mean, it may be, allows the generic exception of what's in the PSR to suffice. So I would, I would point the court to page 958. There's a discussion in the application of the framework that's laid out by the court in the particular case of Mercado Moreno. And in the sentences I'm looking at, it starts, defendant did not object at sentencing to the PSR's assertion that law enforcement seized approximately 40 pounds of methamphetamine in solution from a methamphetamine lab on April 12, 2004. Based on defendant's failure to object, that factual assertion is accepted as true. And then footnote 8 goes on in greater detail with a few case sites. So I guess we may still have a debate about what the plea actually means because of the two paragraphs. So can I ask a different question? Of course. So say, say we were to agree with you, well, say we don't think it's that clear that there was a finding originally. I'm wondering if the judge made, sort of, a different problem, a different error at that point, because it seems like the district judge thought if there wasn't a finding originally, then there never can be. And I wonder whether if the answer, if we don't really agree with you all the way, but we agree with you partly, the answer here is that we need to remand with clarification that if the district court wants to make a drug finding now, the district court can. I think that's fair. I think the error that occurred in Rodriguez's case is that the district court didn't have the benefit of Mercado Moreno. And I think he is very candid in both transcripts saying, struggling with, I don't think I can do that. And that seems wrong, right? Haven't we said that you actually can? I think he was not sure. And certainly other circuits had, and that was sort of the debate going on. And we had a few district judges in our district going different ways. So I think that is an error. And if, to the Court's point, if there is a remand, then it would be consistent with Mercado Moreno to do an eligibility inquiry at the outset. Okay. Thank you very much. Thank you. Thank you for your argument. Good morning, Your Honors. John Ballas on behalf of Emilio Rodriguez. This Court has held that district courts have broad discretion on how they handle 3582C2 proceedings. Mercado Moreno held that district courts have the authority to make supplemental findings when initially it was ambiguous. And didn't the district court not understand that here? The district court did not have Mercado Moreno. It did have the district court's Acosta position that basically held essentially the same as Mercado Moreno. I was arguing at the time that the district court should just accept the specific findings it made of at least over 1,500 grams of actual meth, and the district court went my way. But it seems like the, well, it seems like the district court thought that if the district court had not really made the finding originally, that it couldn't make the finding now. And it seems like Mercado Moreno says that's wrong. So it seems like if we do agree with you that the finding wasn't made originally, then don't we need to remand so the district court can think about it more? And, I mean, maybe the district court will not make the finding again, but it seems like there was confusion about what was permissible. Well, so our initial position is that I think there's the court can affirm based on the record that the court did not abuse its discretion. If the court takes the approach that it did not have Mercado Moreno and it should remand, I think that would be appropriate as well. But I think the court should instruct the district court that it is not required to make supplemental findings. Right, it's discretionary. It may so, and it has broad discretion. Can we back up again about Mercado Moreno? I must, everybody else seems to think there's one thing in here, and I'm not wondering about this. If Mercado Moreno seems to accept that something that's in the PSR but not specifically articulated by the district judge, do you agree with that much? It has some broad language in there. But then it's, and it seems to say even more than that, because it says it doesn't seem to require that the district judge actually adopt the whole PSR, except defendant did not object to sentencing to the PSR's assertion, and therefore, it's, it is accepted as true, not, not seeming to require that the district judge say he accepted it as true. Yeah, I think the, I think there is some broad language in that court. But everybody in this courtroom seems to think that the district judge does have to accept something. Is that coming from somewhere else? I think there's language that the, the district court may accept it if there's been no objection. I don't think it's required to. And it's important in this case, the district court But Mercado, what I'm saying is that Mercado Moreno seems to say it's enough to be binding now if the PSR had an amount and it wasn't objective to. I think there's some language in Mercado Moreno that does say that. Well, then why are we concerning ourselves with exactly what the judge accepted? Well, because, so, because in this particular case, the district judge said, he said it in, I believe in the Sarabia case directly before this, that when he himself adopts, adopts the guideline range or even adopts the pre-sentence report, he's not intending to adopt each specific paragraph or each specific finding. Well, can I ask a question? Because he in, when you guys go back for resentencing, he, he, he says, I don't know anything more specific, but my recollection is this case was pretty straightforward. It was a negotiated plea agreement. He goes into the fact that, that, and, and in the plea agreement, it goes into the, the facts as the government has just indicated that he was, and, and the defendant admits that he was stopped with 11 pounds of methamphetamine. The judge didn't make a specific finding because it was very straightforward in his mind. So doesn't that go to Judge Berzon's position that why should he have to adopt everything? The PSR says 4.8 kilos, everything here is saying 4.8 kilos. The only thing in the plea agreement that's been disputed back and forth, it's in a separate paragraph, it's at the end of the factual basis for the plea, and it says the methamphetamine and the defendant's position on January 21st was laboratory tested and found to contain over 1500 grams. That's not a finding of the amounts the defendant had. It's a finding that it passes the bar of 1500 grams. Absolutely true, but even if you accept that the 11 pounds of methamphetamine in his vehicle that he possessed, that does not get you to a level 38. You only get to a level 38 in Mr. Rodriguez's count if you also adopt the specific finding of the purity of the drugs and the DEA test. But the point is that that's all there by all of the agreements that have been entered into. The lab test doesn't dispute that. But there was no reason for him to contest it because the amount was only 1.5 kilos or more. So let's say maybe instead of being 4.8, the lab test, what if it was 4.4? What if it was, you know, maybe 5 percent more? But he didn't dispute that. He didn't dispute it because there was no reason to dispute it. Well, so then why should the court, if all the court has is all of this, and the court accepts all of this, and there's no, and you don't, as Judge Berzon just mentioned, you don't, there's no dispute raised by the defendant, then hasn't the judge adopted all of these facts as he's been given them? He specifically said he didn't adopt all the facts. And if the court remands for further findings, I think he could take the position that erring on the side of caution, which the court has said it should do, that it's not proven by preponderance of the evidence that it was over 4.5 kilograms of actual meth when the testing was just slightly over that amount. This is one where the amounts make a difference, where, like Mercado Moreno was  So can I, I'd like to ask about this question that Judge Berzon asked, because I think maybe I had some confusion about this. I thought it did matter what the judge thought about the drug quantity. But do you have authority for that? Because if we have to just say if it's in the PSR and not objected to, that's end of story, then I think maybe you lose this case. Then I have a tough row to hold. So what is our authority for we don't have to just follow that paragraph in Mercado Moreno? Well, the distinguishing factor here is that Judge Mendes says he doesn't, when he adopts the pre-sentence report, adopts the guideline range, he doesn't necessarily adopt the entire all the facts. But what's the authority that it matters what he adopted? It sounds like maybe that doesn't even matter. If it's in the PSR, it's in the PSR. But Mercado Moreno was in the context of a district court that adopted the general presumption that you're adopting if it's not objected to. I see. So you think we should read that sentence in context to be it really only, it's a little vague, but it only meant in the context where it was adopted. Yes. That's my position. And my position is in this case where Judge Mendes specifically says he's not adopting, maybe some judges take the position that they do, but when he specifically says I'm not adopting that finding, at worst the court should remand for further findings. And in that case, the court would have the position of deciding under the context of all the case, the evidence before his sentencing, he didn't find it sufficiently reliable to find more than 4.5 kilograms of actual math. But so would he have to, I interrupted you when you were talking about the measurable to your client, have to question the amount, this 500 grams that the lab testing was, would he have to doubt that? What were you saying about he'd have to think the lab test was a little bit off or something? So the lab test determined there was 4.8 kilograms of actual math and 11 pounds of a mixture or substance of math. If that was 10% lower, for instance, then you get below the 4.5 kilograms of actual math. I think when I was calculating it last night, it's about 6% over, 4.8 to 4.5. So I think the court could say, erring on the side of caution, I would not find the evidence by a preponderance sufficiently reliable to find more than 4.5 kilograms. So the offense level would be 36 under the new amendment. I'm sorry, what page in the ER has those numbers you're talking about? I was looking at the factual basis for the plea, but I think maybe I'm looking at something different than what you're looking at. So there's nothing in the factual basis of the plea or the plea agreement that has the 4.8 kilograms of actual math. That's only in the pre-sentence report. And in the pre-sentence report, there's a reference to what the DEA lab report says. Well, and that says in the pre-sentence investigation report says, it's paragraph 11, in this case, the defendant possessed the 4.8 kilograms that were in his vehicle. He also had 186 grams at his residence. While the overall conspiracy involved much larger quantities, his relevant conduct is limited to these amounts. And then it establishes a base offense level of 38. Since the defendant possessed 4.8 kilograms of methamphetamine in his vehicle, the 186 grams of meth mixture is of such a small quality, it's not included. So where does it say anything about it tested other than that? Paragraph 5 on the page 4, that's what that paragraph 11 is relying on, that when analyzed by the DEA laboratory, the substance was determined to contain 4.8 kilograms of actual meth. But what it says in the factual basis is 11 pounds of meth. It doesn't say over 4.5 kilograms of actual meth. Okay. But so where does that show what you're saying, which is it's still saying 4.8 kilograms of actual meth. Actual meth is actual meth. Where does it anywhere talk about 4.5? Well, so 4.5 is the level that you need to get an offense level 38 now under the current guidelines. My position is that the 4.8 is close enough to the 4.5 that if the judge wants to err on the side of caution in favor of the defendant, he may decide on remand to say that is close enough, I'm going to err on the side of caution and not say that that's sufficiently reliable to find over 4.5, where it might have been a little bit less than 4.5. But you're not disputing that it says, when analyzed by the DEA laboratory, the substance was determined to contain 4.8 kilograms of actual methamphetamine. That's what it says, yes. And so you're saying that if it were remanded back, he might make a finding of less, even though the lab says it's 4.8 kilograms. Yes. Okay. Thank you very much. Thank you. Yes. One minute. To finish, to start where we left off, I think one thing I want to make clear, the idea that was advanced by counsel would be inconsistent and not permissible under Mercado Moreno. That is a remand where new findings inconsistent with the original sentencing are made. Really? Why? It says that in the decision. Does it say that? I find the opinion very mysterious. I've been staring at it for the last ten minutes. It says, however, the district court's supplemental findings may not be inconsistent with any factual determinations made by the original sentencing court, and it infers that there was a determination made. But then it seems to say, be of two minds about whether there was a finding made with regard to the 40 kilograms in that case, which was what was in dispute, 40 pounds, I'm sorry. Because at first it says that defendant did not object based on defendant's failure to object, that factual assertion is accepted as true. And then it goes on and says that the district court must have had made a finding about the base amount, but it didn't have to make a finding about the 40 pounds, so therefore now they have to make a finding. So it seems to say two contradictory things. The additional finding was needed in Mercado Moreno that's not needed in Rodriguez because if they were just at 4.3, he was entitled to relief. If the 40 pounds are added. I understand that. But the question is what is the status of the fact that there was no objection? In other words, yes, there is a sentence that says that you can't contradict whatever findings were made, but it seems to be of two minds about what findings were made. Right. And I guess I'm interpreting findings more broadly than the very specific that we started with in my opening argument, which is the judge says I find. The findings for 3582 purposes under Mercado Moreno includes undisputed portions that are adopted at the time of sentencing. But if that's true, then why are they saying that there has to be any further proceedings at all? Only if it was unclear or ambiguous is where the eligibility. Well, if it's unclear or ambiguous and there wasn't a finding. That's what I don't understand. I mean, it's either was or it wasn't. Either there was a finding because it wasn't objected to or there wasn't a finding and the judge never found it and therefore there is no inconsistency. And I think that's Rodriguez's case. There's no objection. It's 4.8 kilograms, as Your Honor said, and there's no eligibility. We don't have to go past that. But what does the court mean in Mercado Moreno? I don't understand it. It's so on that point, the sentence that's bothering you, there is some earlier sentences on 957 where they're building the framework. And what they say there in laying out what can be relied upon sort of the categorical approach for 3582 proceedings is the, for example, the trial transcript can be relied upon, the sentencing transcript, portions of the pre-sentence report the defendant admitted to or the sentencing court adopted. The next sentence is the critical one. And it may accept as true any facts in APSR that the defendant did not object to. It may, but the question is whether it has to. Anyway, thank you very much. We're going to have some more chance to talk about this. Absolutely. In fact, if you don't want to sit down, that's fine, too. The case of United States v. Rodriguez is submitted. We'll go to United States v. Sarabia.
judges: Berzon, Friedland, Cardone